**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FATIN ANN HALLOWAY, | CIVIL ACTION |
| Plaintiff, individually and on behalf of a class of similarly situated individuals, | |
| | COMPLAINT 1:20-cv-01486 |
| v. | |
| FIRST FINANCIAL ASSET MANAGEMENT, INC, | JURY TRIAL DEMANDED |
| Defendant. | |

**CLASS ACTION COMPLAINT**

NOW COMES Fatin Ann Halloway, by and through her attorney, James C. Vlahakis, and submits the following Class Action Complaint against Defendant First Financial Asset Management, Inc. as follows:

**I.  Parties, Jurisdiction and Venue**

1.     Plaintiff is a resident of the State of Illinois and is domiciled within this Judicial District.

2.     Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692.

3.     Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

4.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois. In particular, Plaintiff received a collection letter from Defendant in this Judicial District and the collection letter is the subject of this proposed Class Action.

1

5.      Defendant is a corporation organized under the laws of the state of Delaware with its principal place of business located at 3091 Governors Lake Drive, Suite 500, Norcross, Georgia 30071.

6.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**Summary and Purpose of the FDCPA and Relevant Statutory Definitions**

7.      The introduction section of the FDCPA contains "Congressional findings" and a "declaration of purpose". See 15 U.S.C. § 1692.

8.      Section 1692 states as follows:

**(a)Abusive practices**

There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

**(b)Inadequacy of laws**

Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

**(c)Available non-abusive collection methods**

Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

**(d)Interstate commerce**

Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

**(e)Purposes**

It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

9.      On stated purpose of the FDCPA was to address "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a)

10.     Congress determined that "[a]busive debt collection practices contribute to" societal harms, include increasing "the number of personal bankruptcies," "marital instability," "the loss of jobs," and "invasions of individual privacy." 15 U.S.C. § 1692(a).

11.     In enacting the FDCPA, Congress determined that "[e]xisting laws ... are inadequate to protect consumers" and that "[m]eans other misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. §§ 1692(b)-(c).

12.     The FDCPA "is designed to protect consumers from unscrupulous collectors, regardless of the validity of the debt." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997).

13.     The FDCPA does not condone the failure to pay one's debts but recognizes that most unpaid debts result from unfortunate circumstances that befall debtors. *McMillan v. Collectio*n Professionals, Inc., 455 F.3d 754, 762 (7th Cir. 2006), quoting 95 S.Rep. 382, at 3 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1697.

14.     Accordingly, the FDCPA generally focuses on the debt collector's conduct without regard for the validity of the alleged debt because "[m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. § 1692(c).

15.     The FDCPA's object and policies serve to protect ethical collectors from being competitively disadvantaged. 15 U.S.C. § 1692(e).

3

16.     Section 1692a(3) of the FDCPA defines "consumer" to mean ""consumer" means any natural person obligated or allegedly obligated to pay any debt.

17.     Section 1692a(4) of the FDCPA defines the term "creditor" to mean "any person who offers or extends credit creating a debt or to whom a debt is owed[.]"

18.      Section 1692a(5) of the FDCPA defines the term "debt" to mean "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes[.].

19.     Section 1692a(6) of the FDCPA defines the term "debt collector" to mean "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

20.     Plaintiff incurred a "debt" as this term is defined by Section 1692a(5) of the FDCPA as a result of an commercial transaction Plaintiff entered into with Enterprise Holdings, Inc. ("Enterprise").

21.     The Plaintiff is a "consumer" as defined by Section 1692a(3) of the FDCPA because Defendant regards her as a natural person allegedly obligated to pay a "debt" allegedly owed to Enterprise.

22.     Enterprise is a "creditor" as this terms is defined by Section 1692a(4) of the FDCPA because it "offers or extends credit creating a debt" with consumers in the State of Illinois and because it entered into a transaction with Plaintiff where the transaction created a debt purportedly owed by Plaintiff.

23.     Defendant is a self-proclaimed debt collector as reflected on its website, https://1fam.virtualcollector.net/Home.aspx.

24.     Defendant acquired the right to collect on the Subject Debt prior to January 28, 2020.

25.     Defendant is a "debt collector" as defined by Section 1692a(6) of the FDCPA because it "regularly collects or attempts to collect debts owed or due or asserted to be owed or due another" by and through Defendant's use of the United States Postal Service to mail debt collection letters to consumers living within this Juridical District and the State of Illinois.

26.     Section 1692a(2) of the FDCPA defines the term "communication" to mean "the conveying of information regarding a debt directly or indirectly to any person through any medium."

27.     Courts construe the provisions of the FDCPA furtherance of the Act's "object and policy." *Sanders v. Jackson*, 209 F.3d 998, 1002 (7th Cir. 2000).

28.     Section 1692e of the FDCPA states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29.     Section 1692e(10) of the FDCPA prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

30.     Section 1692f of the FDCPA states, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

**II. Background Facts**

31.     Enterprise conducts business in the State of Illinois as "Enterprise Rent-a-Car".

32.     In 2019, Plaintiff rented a Ford Fiesta from Enterprise Rent-a-Car in Oak Lawn, Illinois ("Subject Debt").

5

33. Enterprise regards the Subject Debt as being in a default status.

34. Enterprise directed Defendant to attempt to collect the Subject Debt.

35. On or about January 28, 2020, Defendant sent Plaintiff a letter in an attempt to collection the Subject Debt (the "Collection Letter").

36. The body of the Collection Letter is depicted below:



37. The Collection Letter is a "communication" as defined in FDCPA §1692a(2) because the Collection Letter conveyed information regarding the Subject Debt.

38. The Collection Letter identifies the "**Current Creditor**" as "ENTERPRISE HOLDINGS, INC".

39. The Collection Letter represented that the Subject Debt as having "**Account Balance Due**" of $491.15.

40. The Collection Letter proposed a resolution of the Subject Debt in the amount of $368.36.

41. In part, the body of the Collection Letter states:

Dear Hallow Fatin

In an effort to provide you the opportunity to resolve this indebtedness, we would like to extend to you an offer to satisfy this account for a fraction of the amount now owed.

42. The body of the Collection Letter goes on to state:

Our offer to you is as follows:

Make a payment of $368.36 to our office no later than 02//18/2020 and we will consider this account as settled in full and your obligation to ENTERPRISE HOLDINGS, INC will be considered satisfied.

43. The body of the Collection Letter goes on to state:

Please contact our office at 855-282-1465 to discuss resolution of this account or visit our website, http://www.pay1fam.com to negotiate a payment arrangement and/or make a payment. Please see the Payment Options area before for Payment by Internet instructions.

44. The use of the words "now owed" could be reasonably interpreted to indicate that the Subject Debt could increase over the passage of time if the proposed settlement offer was not accepted and paid.

45. In the case of *Preston v. Midland Credit Mgmt., Inc.*, __F.3d __, 2020 U.S. App.LEXIS 1775, 2020 WL 290451 (7th Cir. Jan. 21, 2020), the Seventh Circuit discussed the how debt collectors provide settlement offers to consumers.

7

46.     The court in *Preston* discussed the allegations brought by the plaintiff, an

doing so, the court discussed an earlier holding of the court, *Evory v. RJM Acquisitions

Fun L.L.C.*, 505 F.3d 769 (7th Cir. 2007), where the court had indicated the certain "safe

harbor" language would protect debt collectors from potential FDCPA liability where

debt collectors provide discounted settlement offers to unsophisticated consumers.

47.     Here is how the court in *Preston* described the Plaintiff's allegations and

why the allegations did not state a violation of Section 1692e of the FDCPA under the

court's prior holding in *Evory*:

> Mr. Preston's allegations closely mirror those that we addressed in
> *Evory*. In that case, the plaintiffs complained that the following
> language violated § 1692e:
>
> > "[W]e would like to offer you a unique opportunity to satisfy
> > your outstanding debt"—"a settlement of 25% OFF of your
> > current balance. SO YOU ONLY PAY $[  ] In ONE PAYMENT
> > that must be received no later than 40 days from the date on
> > this letter." Or "TIME'S A WASTIN'! ... Act now and receive
> > 30% off ... if you pay by March 31st." Or we are "currently
> > able to offer you a substantial discount of 50% off your
> > Current Balance if we receive payment by 05-14-2004 [.]"
>
> *Evory*, 505 F.3d at 775. In evaluating this language, we noted that
> "[t]here is nothing improper about making a settlement offer." *Id.*
> Nevertheless, because debt collectors "frequently renew their offers
> if the consumer fails to accept the initial offer," we were concerned
> that "unsophisticated consumers may think that if they don't pay
> by the deadline, they will have no further chance to settle their debt
> for less than the full amount." Id. We also noted, however, that
> requiring debt collectors to disclose their exact settlement policies
> "would    disintegrate"    the    debt    collection    process.    *Id.*    To
> accommodate the competing goals of the statute, we fashioned a
> safe harbor that would protect the consumer "against receiving a
> false impression of his options" while encouraging debt collectors to
> make settlement offers. *Id.* at 775-76. We rested on the following
> language: "We are not obligated to renew this offer." *Id.* at 776. We
> reasoned that this statement would inform the unsophisticated
> consumer "that there [wa]s a renewal possibility but that it [wa]s
> not assured." *Id.*
>
> Mr. Preston's communication, like that of the plaintiffs in *Evory*,
> included language—"Act now," "TIME SENSITIVE DOCUMENT,"

and time limits on the settlement offers—that suggested that the consumer had to settle his debt in the most expeditious manner possible. However, at the end of Mr. Preston's letter, Midland also included safe-harbor language as in *Evory*: "We are not obligated to renew any offers provided." *The inclusion of this language cured any misimpression that an unsophisticated consumer might have formed concerning the meaning of the settlement offers.*

\* \* \*

The words "TIME SENSITVE [sic] DOCUMENT" on Mr. Preston's envelope simply reiterate the message in the communication itself, which urges the debtor to "[a]ct now" and sets forth an expiration date for the offer. Words of urgency were precisely what was at issue in Evory and what the safe-harbor language was meant to address.

Similarly, the placement of the safe-harbor language in Mr. Preston's communication does not negate its effect. Mr. Preston relies on *Boucher v. Finance System of Green Bay, Inc.*, 880 F.3d 362 (7th Cir. 2018), in which we observed that "a debt collector is only entitled to safe harbor protection if the information he furnishes is accurate and he does not obscure it by adding confusing other information (or misinformation)." *Id.* at 370 (internal quotation marks omitted). He submits that "the formatting [of] the letter purposefully pushes the 'safe harbor' language to a place on the letter where its application and contest [sic] is rendered meaningless." In essence, Mr. Preston maintains that the safe harbor is without effect unless it immediately follows the language of the offers. We cannot accept this contention. The safe-harbor language appears on the face of the letter in the same font and font size as the offer language. It is not lost in unnecessary verbiage, but is set apart and centered on a line. It is not obscured in any way.

Here, Midland accurately and appropriately used the safe-harbor language we fashioned in *Evory*. Consequently, the district court did not err in dismissing the claim set forth in Counts III and IV of Mr. Preston's complaint.

*Preston*, 2020 U.S. App.LEXIS 1775, \*20-\*23.

48.    The phrase "[w]e are not obligated to renew any offers provided", is not contained on the face of the Collection Letter.

49.    Even if it was, Judge Illana Rovner wrote a concurring opinion in Preston where Judge Rovner questioned whether the phrase "[w]e are not obligated to renew any

offers provided" "actually accommodates the competing goals that the *Evory* court identified." *Preston*, 2020 U.S. App.LEXIS 1775, *27. According to Judge Rovner:

> I write separately simply to point out one area in which the clarity from our circuit could be improved regarding the second issue for our review—the matter of safe-harbor language for claims under section 1692e of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e.

> As section B of the opinion makes clear, in *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769 (7th Cir. 2007), this court noted the tension between allowing creditors to use persuasive language to recover debts, and protecting unsophisticated consumers from "false, deceptive or misleading representations." *See* 15 U.S.C. § 1692e(2)(A); *Evory*, 505 F.3d at 775-76. In other words, creditors often use language that implies that debtors only have a limited time to take advantage of a settlement offer, when, in fact, most creditors continue to renew their offers, and would be pleased to collect a creditor's money at any time. As the opinion notes, "[t]o accommodate the competing goals of the statute, we fashioned a safe harbor that would protect the consumer 'against receiving a false impression of his options' while encouraging debt collectors to make settlement offers." *Ante* at 20 (citing *Evory*, 505 F.3d at 775-76). That safe-harbor language is as follows: "We are not obligated to renew this offer."

> I have doubts that this language actually accommodates the competing goals that the *Evory* court identified. In fact, the current safe-harbor language emphasizes and amplifies the creditor's message that it is a time-limited offer. The language is no different from the creditors' language of "limited time offer" or a "time sensitive matter," or "act now," and reinforces the idea that if the debtor does not act immediately, she may lose the opportunity to do so forever. See *Evory*, 505 F.3d at 775. ("The concern is that unsophisticated consumers may think that if they don't pay by the deadline, they will have no further chance to settle their debt for less than the full amount"). As such, I propose that this circuit reconsider whether the language of the safe-harbor provision announced in *Evory* realistically honors the goals that the opinion sought. Adding the following two words to the language, undoubtedly would do so more accurately: "We may, but are not obligated to, renew this offer."

> The safe-harbor language described in the *Evory* decision, however, stands. As the opinion notes, Midland Credit used the language that this circuit sanctioned, and did so appropriately. Consequently,

under the current status of our circuit's law, I agree that the district court did not err in dismissing the claims set forth pursuant to section 1692e of the Act. Preston did not raise the question of the safe-harbor language in this case, and therefore this is not the appropriate time to reconsider it, but should it emerge in a future case, I urge the court to reexamine whether this safe-harbor language achieves the intended balance between the interests of creditors and debtors.

*Preston*, 2020 U.S. App.LEXIS 1775, *26-*28.

50.     The payment information of the Collection Letter is depicted below:



51.     The payment information section of the Collection Letter does not contain any disclosure with regard to Defendant's position relative to the renewal or non-renewal of the "offer to satisfy this account for a fraction of the amount now owed".

### III.     Class Action Allegations Related to Counts I-IV

52.     Plaintiff and her counsel will fairly and adequately protect the interest of the proposed class members.

11

53.     Plaintiff's counsel is an experienced FDCPA litigator who has defended FDCPA class actions in the past. And as a former FDCPA defense attorney, counsel has successfully presented joint/agreed proposed class action settlements in conjunction with class counsel.

54.     Plaintiff's counsel was appointed to serve on the Steering Committee in the case of *In re: Apple Inc. Device Performance Litigation*, 18-MD-02827 (N.D. Cal.) Dkt. 99 (May 5, 2018, Order Consolidating Related Actions And Appointing Interim Co-Lead Plaintiffs' Counsel And Executive And Steering Committees).

55.     Additionally, counsel obtained partial reversal of the district court's 12(b)(6) dismissal of  the aforementioned case of *Preston v. Midland Credit Mgmt., Inc.*, __F.3d __, 2020 U.S. App.LEXIS 1775, 2020 WL 290451 (7th Cir. Jan. 21, 2020),

56.     As described above, questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

57.     Because of the expense involved in litigating an individual FDCPA claim, it is unlikely that any putative class member's interests in individually controlling the prosecution of an FDCPA lawsuit would override the efficiency of litigating the illegality of Defendant's conduct in the context of a class action.

58.     Because Defendant utilized a standard form letter and the identity of the putative class members is readily ascertainable, there are no likely difficulties in managing this case as a putative class action.

59.     A class action is a superior method of litigating the illegality of Defendant's conduct, and a class action is manageable.

60. With relation to each Count identified below, the proposed Illinois Class can be identified as follows:

> All persons, with Illinois mailing addresses, who were sent a letter in the same or similar form of the Collection Letter, within one year of the filing this Civil Action, until Defendant stops using the form letter.

61. With relation to each Count identified below, the proposed Northern District of Illinois Class can be identified as follows:

> All persons, with mailing addresses located within the Northern District of Illinois, who were sent a letter in the same or similar form of the Collection Letter, within one year of the filing this Civil Action, until Defendant stops using the form letter.

**Count I – Violation of Section 1692e of the FDCPA**

62. Plaintiff restates and incorporates Paragraphs 20-61 as if fully set forth herein.

63. Section 1692e of the FDCPA prohibits debt collectors from making any "false, deceptive, or misleading representation . . . in connection with the collection of any debt".

64. The Collection Letter communicated an "offer to satisfy this account for a fraction of the amount now owed".

65. With regard to the proposed discounted payment of $368.36, the Collection Letter identified a payment due date of February 18, 2020.

66. The Collection Letter did not explain whether Defendant would or would not be willing to renew what the Collection Letter indicated was an "offer to satisfy this account for a fraction of the amount now owed".

67. In particular, the Collection Letter failed to contain the phrase "[w]e are not obligated to renew any offers provided".

68. Defendant violated Section 1692e of the FDCPA by indicating that Plaintiff should accept its "offer to satisfy this account for a fraction of the amount now owed" by February 18, 2020, and by failing to include the phrase "[w]e are not obligated to renew any offers provided".

69. Failing to include the phrase "[w]e are not obligated to renew any offers provided" when the Collection Letter proposed an "offer to satisfy this account for a fraction of the amount now owed" and a payment date of February 18, 2020 constitutes a "false, deceptive, or misleading representation" in connection with the collection of the Subject Debt and the debts of all similarly situated class members.

**WHEREFORE**, Plaintiff FATIN ANN HALLOWAY respectfully requests that this Honorable Court:

      a. Declare that the practices complained of herein are unlawful and violate Section 1692e of the FDCPA;

      b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

      c. Award Class Members statutory damages;

      d. Award the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

      e. Award any other relief as the Honorable Court deems just and proper.

### Count II – Violation of Section 1692e(2)(A) of the FDCPA

70. Plaintiff restates and incorporates Paragraphs 20-61 as if fully set forth herein.

71. Section 1692e(A)(2) of the FDCPA prohibits debt collectors from making "false representation[s]" regarding "the character, amount or legal status of any debt".

72. The Collection Letter communicated an "offer to satisfy this account for a fraction of the amount now owed".

73. With regard to the proposed discounted payment of $368.36, the Collection Letter identified a payment due date of February 18, 2020.

74. The Collection Letter did not explain whether Defendant would or would not be willing to renew what the Collection Letter indicated was an "offer to satisfy this account for a fraction of the amount now owed".

75. In particular, the Collection Letter failed to contain the phrase "[w]e are not obligated to renew any offers provided".

76. Defendant violated Section 1692e of the FDCPA by indicating that Plaintiff should accept its "offer to satisfy this account for a fraction of the amount now owed" by February 18, 2020, and by failing to include the phrase "[w]e are not obligated to renew any offers provided".

77. Failing to include the phrase "[w]e are not obligated to renew any offers provided" when the Collection Letter proposed an "offer to satisfy this account for a fraction of the amount now owed" and a payment date of February 18, 2020 constitutes a "false representation" regarding "the character, amount or legal status of" the Subject Debt and the debts of all similarly situated class members.

**WHEREFORE**, Plaintiff FATIN ANN HALLOWAY respectfully requests that this Honorable Court:

> a. Declare that the practices complained of herein are unlawful and violate Section 1692e(2)(A) of the FDCPA;
> b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
> c. Award Class Members statutory damages;
> d. Award the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
> e. Award any other relief as the Honorable Court deems just and proper.

15

## Count III – Violation of Section 1692e(10) of the FDCPA

78.     Plaintiff restates and incorporates Paragraphs 20-61 as if fully set forth herein.

79.     Section 1692e(10) of the FDCPA prohibits a debt collector from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer".

80.     The Collection Letter communicated an "offer to satisfy this account for a fraction of the amount now owed".

81.     With regard to the proposed discounted payment of $368.36, the Collection Letter identified a payment due date of February 18, 2020.

82.     The Collection Letter did not explain whether Defendant would or would not be willing to renew what the Collection Letter indicated was an "offer to satisfy this account for a fraction of the amount now owed".

83.      In particular, the Collection Letter failed to contain the phrase "[w]e are not obligated to renew any offers provided".

84.     Defendant violated Section 1692e(10) of the FDCPA by indicating that Plaintiff should accept its "offer to satisfy this account for a fraction of the amount now owed" by February 18, 2020, and by failing to include the phrase "[w]e are not obligated to renew any offers provided".

85.     Failing to include the phrase "[w]e are not obligated to renew any offers provided" when the Collection Letter proposed an "offer to satisfy this account for a fraction of the amount now owed" and a payment date of February 18, 2020 constitutes a "false representation or deceptive means to collect or attempt to collect" the Subject Debt and the debts of all similarly situated class members.

**WHEREFORE**, Plaintiff FATIN ANN HALLOWAY respectfully requests that this Honorable Court:

  a. Declare that the practices complained of herein are unlawful and violate Section 1692e(10) of the FDCPA;

  b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

  c. Award Class Members statutory damages;

  d. Award the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

  e. Award any other relief as the Honorable Court deems just and proper.

### Count IV – Violation of Section 1692f of the FDCPA

86. Plaintiff restates and incorporates Paragraphs 20-61 as if fully set forth herein.

87. Section 1692f which prohibits debt collectors from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt."

88. The Collection Letter communicated an "offer to satisfy this account for a fraction of the amount now owed".

89. With regard to the proposed discounted payment of $368.36, the Collection Letter identified a payment due date of February 18, 2020.

90. The Collection Letter did not explain whether Defendant would or would not be willing to renew what the Collection Letter indicated was an "offer to satisfy this account for a fraction of the amount now owed".

91. In particular, the Collection Letter failed to contain the phrase "[w]e are not obligated to renew any offers provided".

92. Defendant violated Section 1692f of the FDCPA by indicating that Plaintiff should accept its "offer to satisfy this account for a fraction of the amount now owed"

17

by February 18, 2020, and by failing to include the phrase "[w]e are not obligated to renew any offers provided".

93.     Failing to include the phrase "[w]e are not obligated to renew any offers provided" when the Collection Letter proposed an "offer to satisfy this account for a fraction of the amount now owed" and a payment date of February 18, 2020 constitutes the use of unfair or unconscionable means to collect" the Subject Debt and the debts of all similarly situated class members.

**WHEREFORE**, Plaintiff FATIN ANN HALLOWAY respectfully requests that this Honorable Court:

   a.  Declare that the practices complained of herein are unlawful and violate Section 1692f of the FDCPA;
   b.  Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c.  Award Class Members statutory damages;
   d.  Award the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   e.  Award any other relief as the Honorable Court deems just and proper.

## IV.  Allegations Related to Counts V-IX

94.     The body of the Collection Letter concludes by stating:

> If you pay, or agree to pay, the debt or any portion of the debt, the payment or agreement to pay may be construed as (1) an acknowledgements of the debt by the debtor and .(2) a waiver of the debt of any applicable statute of limitations that otherwise precludes the collection of the debt. If you do not understand or have questions concerning your legal rights or obligation relating to the debt, you should seek legal advice.

95.     The above phrase should not have been included on the Collection Letter because the Subject debt is not past or near in time to any applicable statute of limitations.

18

96. On information and belief, when Defendants sent out this form collection letter to other consumers, the subject debts purportedly owed by these consumers was not past or near in time to any applicable statute of limitations.

97. By including the above phrase, Defendant needlessly interjected a long and dense "legalese" passage into the Collection Letter, where there is no reason to include this language.

98. By the very words chosen by Defendant, it all but admits that the above quoted language is confusing as Defendant concludes this passage by saying "If you do not understand or have questions concerning your legal rights or obligation relating to the debt, you should seek legal advice."

99. On information and belief, the words "If you pay, or agree to pay, the debt or any portion of the debt, the payment or agreement to pay may be construed as (1) an acknowledgements of the debt by the debtor and .(2) a waiver of the debt of any applicable statute of limitations that otherwise precludes the collection of the debt" were included to confuse unsophisticated consumers and to improperly suggest to them that they should seek legal counsel, where there is no need to seek legal counsel where the Subject debt is not past or near in time to any applicable statute of limitations.

100. Rather, by including the above quoted phrase, Defendant hoped that most consumers would pay the debt rather than retain legal counsel.

101. On information and belief, based upon industry practices, Defendant sent similar to the form Collection Letters to over 40 persons living in the State of Illinois.

102. The persons who were sent similar collection letters can be identified by Defendant's records.

103. The language utilized by the Collection Letter demonstrates sufficient typicality and commonality to support certifying a class action.

104. The illegality of the Collection Letter as detailed above involves common questions of fact and law sufficient to support certifying a class action.

105. With relation to each Count identified below, the proposed Illinois Class can be identified as follows:

> All persons, with Illinois mailing addresses, who were sent a letter in the same or similar form of the Collection Letter, within one year of the filing this Civil Action, until Defendant stops using the form letter.

106. With relation to each Count identified below, the proposed Northern District of Illinois Class can be identified as follows:

> All persons, with mailing addresses located within the Northern District of Illinois, who were sent a letter in the same or similar form of the Collection Letter, within one year of the filing this Civil Action, until Defendant stops using the form letter.

## Count V – Violation of Section 1692e of the FDCPA

107. Plaintiff restates and incorporates Paragraphs 20-43, 52-55, 94-106 of the Complaint as if fully set forth herein.

108. Section 1692e of the FDCPA prohibits debt collectors from making any "false, deceptive, or misleading representation . . . in connection with the collection of any debt".

109. The passage quoted in Paragraph 94 violates 1692e of the FDCPA because the quoted passage constitutes a "false, deceptive, or misleading representation . . . in connection with the collection of" the Subject Debt and the debts of all similarly situated class members.

**WHEREFORE**, Plaintiff FATIN ANN HALLOWAY respectfully requests that this Honorable Court:

> a. Declare that the practices complained of herein are unlawful and violate Section 1692e of the FDCPA;

20

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Class Members statutory damages;

d. Award the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e. Award any other relief as the Honorable Court deems just and proper.

**Count VII – Violation of Section 1692e(2)(A) of the FDCPA**

110. Plaintiff restates and incorporates Paragraphs 20-43, 52-55, 94-106 of the Complaint as if fully set forth herein.

111. Section 1692e(A)(2) of the FDCPA prohibits debt collectors from making "false representation[s]" regarding "the character, amount or legal status of any debt".

112. The passage quoted in Paragraph 94 violates 1692e(2)(A) of the FDCPA because the passage constitutes a "false representation" regarding "the character" or "legal status" of the Subject Debt and the debts of all similarly situated class members.

**WHEREFORE**, Plaintiff FATIN ANN HALLOWAY respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate Section 1692e(2)(A) of the FDCPA;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Class Members statutory damages;

d. Award the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e. Award any other relief as the Honorable Court deems just and proper.

**Count VIII – Violation of Section 1692e(10) of the FDCPA**

113. Plaintiff restates and incorporates Paragraphs 20-43, 52-55, 94-106 of the Complaint as if fully set forth herein.

114.    Section 1692e(10) of the FDCPA prohibits a debt collector from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer".

115.    The passage quoted in Paragraph 94 violates 1692e(10) of the FDCPA because the passage constitutes "false representation or deceptive means to collect or attempt to collect" the Subject Debt and the debts of all similarly situated class members.

**WHEREFORE**, Plaintiff FATIN ANN HALLOWAY respectfully requests that this Honorable Court:

      a.    Declare that the practices complained of herein are unlawful and violate Section 1692e(10) of the FDCPA;

      b.    Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

      c.    Award Class Members statutory damages;

      d.    Award the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

      e.    Award any other relief as the Honorable Court deems just and proper.

**Count IX – Violation of Section 1692f of the FDCPA**

116.    Plaintiff restates and incorporates Paragraphs 20-43, 52-55, 94-106 of the Complaint as if fully set forth herein.

117.    Section 1692f of the FDCPA prohibits a debt collector from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer".

118.    The passage quoted in Paragraph 94 violates 1692f of the FDCPA because the passage constitutes the use of an "unfair or unconscionable means to collect" the Subject Debt and the debts of all similarly situated class members.

**WHEREFORE**, Plaintiff FATIN ANN HALLOWAY respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate Section 1692f of the FDCPA;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Class Members statutory damages;

d. Award the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Respectfully Submitted,

Date: February 28, 2020

/s/ James C. Vlahakis
James C. Vlahakis, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
jvlahakis@sulaimanlaw.com